UNITED STATES of America for the Use and Benefit of P.W. BERRY COMPANY, INC., an Oregon corporation, Plaintiff,

v.

GENERAL ELECTRIC COMPANY, a New York corporation; General Electric Government Engineering & Management Services, a New York corporation; and Federal Insurance Company, an Indiana corporation, Defendants.

Civ. No. 93–1526–FR.

United States District Court,
D. Oregon.

Dec. 19, 1994.

Thomas J. Murphy, Furrer & Scott, Tigard, OR, for P.W. Berry Co., Inc.

Garr M. King, Susan E. Watts, Kennedy, King & Zimmer, Portland, OR, for defendants.

## OPINION

FRYE, Judge:

The matter before the court is the defendants' petition for attorney fees and costs re motion to dismiss for failure to comply with discovery order (# 56). The defendants seek attorney fees and costs in the amount of $2,113.00 which they incurred when they filed their motion to dismiss the complaint of the plaintiff, P.W. Berry Company Inc. (Berry), for failure to comply with a discovery order of this court.

## BACKGROUND

On October 20, 1994, pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure, this court awarded the defendants the attorney fees which they reasonably incurred when Berry failed to comply with the discovery order entered by this court on May 31, 1994. The defendants have submitted an affidavit and billing summaries in support of their petition for attorney fees in the sum of $2,113.00.

## CONTENTIONS OF THE PARTIES

The defendants contend that the court should award to them the sum of $2,113.00, the amount of attorney fees sought in their petition.

Berry contends that the sum of $2,113.00 for attorney fees is unreasonable. He argues as follows:

The bulk of that motion and the supporting materials were aimed at convincing the Court to dismiss plaintiff's claims herein—a sanction which the court decided not to impose. Under the circumstances, [Berry] respectfully proposes that attorney fees of $1,000 would adequately compensate defendants for [Berry's] unexcused delay in responding to the subject interrogatories, and is an amount commensurate with that default.

Use Plaintiff's Memorandum in Opposition to Defendants' Petition for Attorney Fees, p. 2. Berry does not otherwise challenge the reasonableness of the attorney fees for which the defendants have petitioned this court.

## ANALYSIS AND RULING

In its order of October 20, 1994, pursuant to Rule 37(b)(2), this court awarded to the defendants the attorney fees that they had reasonably incurred when Berry failed to comply fully with the discovery order of the court entered on May 31, 1994.

Rule 37(b)(2) of the Federal Rules of Civil Procedure provides, in part:

> If a party ... fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> ....
>
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
>
> ....
>
> *In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was sub-stantially justified or that other circumstances make an award of expenses unjust.*

Although this court concluded that the dismissal of Berry's complaint for failure to comply fully with the discovery order was a sanction too severe, in lieu of any other sanction, the court awarded the defendants the attorney fees that they had reasonably incurred as a result of Berry's failure to comply with the discovery order. Accordingly, Berry's contention that the amount of attorney fees sought is unreasonable because this court did not grant the defendants' motion to dismiss is without merit. The defendants filed the motion to dismiss because of Berry's failure to comply with the court's discovery order, and the attorney fees that the defendants necessarily incurred in preparing the motion to dismiss were incurred because of Berry's failure to comply with the court's discovery order. Berry does not otherwise challenge the reasonableness of the attorney fees sought by the defendants. Accordingly, the court will grant the petition of the defendants for attorney fees in the sum of $2,113.00.

## CONCLUSION

The defendants' petition for attorney fees in the sum of $2,113.00 (# 56) is granted.